UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>     v.<br><br>DAVID GARCIA LLAMAS,<br><br>                              Defendant. | Case No. 22-cr-02964-BAS-1<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR REDUCTION OF SENTENCE (ECF No. 62); AND**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL (ECF No. 63)** |

The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who

"did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

Based on these amendments, Defendant David Garcia Llamas now files a Motion to Reduce Sentence. (ECF No. 62.) Additionally, Defendant moves for appointment of counsel to assist him in the Motion. (ECF No. 63). The Court referred the Motions to Federal Defenders for an evaluation. (ECF No. 64.) Federal Defenders has now filed a Status Report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 66.)

At the time of sentencing, the Court calculated Defendant's original guideline range as 57–71 months (based on a base offense level of 25 and a criminal history category of I). Defendant had no criminal history points, so he qualifies under the new guidelines as a zero-point offender. (*See* Presentence Report, ¶¶ 41–42, ECF No. 48.) Under the new guidelines, an additional two-points are deducted from his base offense level, and his new guideline range is now 46–57 months.

However, at the original sentencing, the Court departed downward for waiver of appeal and then varied further after considering the § 3553(a) factors. Ultimately, the Court imposed a 37-month sentence. (ECF No. 57.) This 37-month sentence would still be below Defendant's guideline range even after the guideline amendment is applied. Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 46 months. Since the Court sentenced Defendant to a lower sentence of 37 months, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motions for Reduction of Sentence (ECF No. 62) and for appointment of counsel (ECF No. 63) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 21, 2024**

Hon. Cynthia Bashant
United States District Judge